IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01424-CMA-MJW

SHAWN D. ALLEN,

Plaintiff(s),

v.

K. FERRELL,
E. SNEAD,
J. LIBAL, and
R. KORTH,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the plaintiff's Motion to Supplement Complaint (Docket No. 22) is **denied**.

The tendered "supplement" to the Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A plaintiff "must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims . . . ." Anonymous Human Rights Activits, Registration No. 24733-037 v. Rangel, 2011 WL 1884203, at *4 (D. Colo. May 17, 2011).

Here, the tendered supplement is an unnecessarily verbose, prolix, and rambling narrative which improperly contains case quotations, case citations, editorial comments, and claims that seem to be on behalf of other inmates. Plaintiff has already been advised in this case that he cannot bring claims on behalf of other inmates. See Docket No. 6 at 2. "Rule 8 serves the important function of enabling the court and the defendants to know what claims are being asserted and to determine how to respond to those claims. General allegations of harm are insufficient. Additionally, rambling narrations of fact of fact coupled with conclusory legal assertions do not assist the court or the defendants." Tuttamore v. Lappin, 429 Fed. Appx. 687, 689 (10th Cir. Apr. 19, 2011). In order for plaintiff to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right the plaintiff believes the defendant violated." Tuttamore v. Allred, 2011 WL 2077811, at *2 (D. Colo. May 25, 2011).

2

Furthermore, this court is not a repository for plaintiff's evidence. Therefore, it is inappropriate for plaintiff to move to amend or supplement a pleading merely to have the court hold plaintiff's evidence in the case. In addition, attaching such exhibits "creates a morass of allegations he apparently expects the Court and the defendants to piece together." Id. "The general rule that *pro se* pleadings must be construed liberally has limits and 'the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.'" Id. (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

Finally, as plaintiff has been recently advised in another action, Civil Action No. 11-cv-02251, Docket No. 15, for any future motions to amend or supplement pleadings in this or in any other action before this court, he shall tender one complete amended pleading rather than merely the proposed amendments or supplements.

It is further **ORDERED** that the plaintiff's letter docketed at Docket No. 37, which has been construed as a motion to amend the Amended Complaint, and which is unopposed (see Docket No. 44), is granted. Accordingly, the spelling of defendant Libel's name shall be changed to J. Libal. Plaintiff is once again reminded that any request for relief shall be filed in the form of a motion rather than by letter.

It is further **ORDERED** that the plaintiff's Motion to Amend Temporary Restraining Order with Added Request for a Preliminary Injunction **(Docket No. 25)** is **granted in part and denied in part**. The motion is granted to the extent that the court has considered Docket No. 25 in conjunction with Docket No. 18, which plaintiff did not file as a motion but captioned as a "Temporary Restraining Order and Rule 65(B) Affidavit." In all other respects, the motion is denied. Reading Docket Nos. 18 and 25 together, it appears that the relief plaintiff is seeking is not a temporary restraining order or a preliminary injunction, but a discovery order directing the defendants to preserve video recordings related to his allegations of events which allegedly took place in August, September, and December 2010 and unspecified events that involved other prisoners on unspecified dates in 2010. Plaintiff asserts in his filings that he is concerned that such recordings will be tampered with or destroyed by defendants or other unnamed individuals. Defense counsel has responded that "[u]pon contacting BVCF, undersigned counsel was informed that general surveillance video and video in identified cells in segregation are recorded on a loop allowing for retrieval within a 5 to 7 day period." (Docket No. 42 at 3, ¶ 5). Therefore, it appears that the video recordings plaintiff seeks to be preserved may very well have been recorded over well before plaintiff filed Docket Nos. 18 and 25. Nevertheless, to the extent plaintiff claims the possibility that evidence will be tampered with in the future, such a claim is pure speculation, and plaintiff has not established a basis for relief.

Date: November 4, 2011